UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CODY ALLEN ROLFE,

            Plaintiff,

     v.

CHRISTOPHER J. CARLIN, et al.,

            Defendants.

DECISION & ORDER

04-CV-6554P

---

On November 5, 2004, plaintiff Cody Allen Rolfe filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, against the Niagara Falls Police Department, Superintendent Christopher J. Carlin, Detective W. Smith, and Officer Russell DeFrances.  According to Rolfe, the defendants violated his constitutional rights by subjecting him to excessive force at the time of his arrest.  (Docket # 1).  On January 6, 2005, the District Court dismissed Rolfe's Complaint against Superintendent Carlin but found that the remainder of his claims met the criteria of 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and ordered service of the Complaint upon the remaining defendants.  Currently pending before this Court are Rolfe's motions for an extension of time in which to file an amended complaint (Docket # 13) and for the appointment of counsel.  (Docket # 10).

To the extent Rolfe seeks additional time in which to file an amended complaint, such motion is granted.  Any amended complaint filed in this matter shall be filed with the Clerk of the Court and served upon counsel for the defendants on or before **November 15, 2005**.

With regard to Rolfe's motion for the appointment of counsel, it is well-settled that there is no constitutional right to appointed counsel in civil cases. Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). However, such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

> 1. Whether the indigent's claims seem likely to be of substance;
>
> 2. Whether the indigent is able to investigate the crucial facts concerning his claim;
>
> 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
> 4. Whether the legal issues involved are complex; and
>
> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the

. . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Rolfe alleges that defendants violated his constitutional rights by subjecting him to excessive force at the time of his arrest. (Docket # 1). Through the current motion, Rolfe requests the assignment of counsel, alleging that he has difficulty reading, writing and spelling. (Docket # 10). He has also requested that the Court ensure that a law library clerk at the correctional facility be provided to assist him with this litigation.

Pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 58, I find that the appointment of counsel is not necessary at this time. Indeed, Rolfe has thus far failed to establish that the case is "likely to be of substance." *Hendricks*, 114 F.3d at 392; *see Yarborough v. City of New York*, 2005 WL 1253934 at *2-3 (S.D.N.Y., 2005) (granting appointment of counsel for minimally educated plaintiff only after his claims were deemed likely to have merit). "Where a plaintiff does not provide evidence, as opposed to mere allegations, relating to his claims, he has not met the threshold requirement for the appointment of pro bono counsel." *Grant v. Ahern*, 2005 WL 1936175 at *6 (N.D.N.Y., 2005); *see also Ruston v. CNY Centro, Inc.*, 1998 WL 238617, at *4 (N.D.N.Y., 1998); *Harmon v. Runyon*, 1997 WL 118379, at *1 (S.D.N.Y., 1997).

Moreover, the legal issues in this case do not appear to be complex, and Rolfe has not demonstrated that the appointment of counsel would be more likely to lead to a just determination in this matter. Although he claims that his ability to read at only a third-grade

level necessitates the appointment of counsel, the record in the case demonstrates that Rolfe thus far has effectively presented and prosecuted his claims.  At his request, however, the Court will write the Superintendent of the facility in which he is currently housed to request that he be provided with assistance with regard to the reading and writing of documents related to this litigation.  At this time, for the reasons stated, Rolfe's motion for appointed counsel is denied.

## CONCLUSION

For the foregoing reasons, it is my Decision and Order that plaintiff's motion for an extension of time in which to file an amended complaint **(Docket # 13)** is **GRANTED**, such amended complaint shall be filed and served upon counsel for the defendants on or before **November 15, 2005**.  It is my further Decision and Order that plaintiff's motions for the appointment of counsel **(Docket ## 10, 13)** are **DENIED**, and plaintiff's motion for miscellaneous relief **(Docket # 13)** is **DENIED in part and GRANTED in part.**
**IT IS SO ORDERED.**

                                                     _s/Marian W. Payson_
                                                      MARIAN W. PAYSON
                                             United States Magistrate Judge

Dated: Rochester, New York
       October   21  , 2005.