UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CODY ALLEN ROLFE,

               Plaintiff,

     v.

CHRISTOPHER J. CARLIN, et al.,

               Defendants.
_____

DECISION & ORDER

04-CV-6554P

       On November 5, 2004, plaintiff Cody Allen Rolfe filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, against the Niagara Falls Police Department, Superintendent Christopher J. Carlin, Detective W. Smith, and Officer Russell DeFrances.  According to Rolfe, the defendants violated his constitutional rights by subjecting him to excessive force at the time of his arrest and by failing to provide him with timely medical care.  (Docket # 1).  On January 6, 2005, the District Court dismissed Rolfe's Complaint against Superintendent Carlin, but found that the remainder of his claims met the criteria of 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and ordered service of the Complaint upon the remaining defendants.  (Docket # 3).  Currently pending before this Court is Rolfe's motion for leave to file an amended complaint.  (Docket # 18).  By letter dated April 20, 2006, defendants have advised the Court that they do not oppose Rolfe's motion.

       Under Rule 15(a) of the Federal Rules of Civil Procedure, once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  If the underlying

facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Continental Illinois Nat'l Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir. 1989). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

While the court retains discretion to grant or deny leave to amend under Rule 15(a), "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* at 182; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City School Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

In evaluating a motion to amend, the court should carefully consider whether the non-moving party will be prejudiced by such amendment. According to the Second Circuit, a court must consider "whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993) (citations omitted).

As stated above, defendants do not oppose Rolfe's motion. The allegations asserted in plaintiff's proposed amended complaint appear to be essentially the same as those claims already alleged in the original complaint. Thus, it does not appear to this Court that defendants will be

2

prejudiced by a delay in the resolution of the matter, or that the amendment will result in the expenditure of significant additional resources.

Accordingly, considering that the initial complaint satisfied the criteria of 28 U.S.C. §§ 1915(e) and 1915A, the lack of opposition to Rolfe's motion to amend, and in view of the presumption that leave to amend be "freely given," Fed. R. Civ. P. 15(a), I find that the underlying facts and circumstances relied upon by Rolfe are a proper subject of relief, and therefore he should be afforded the opportunity to test such claims on the merits. *See United States ex rel. Maritime Admin. v. Continental Illinois Nat'l Bank and Trust Co. of Chicago*, 889 F.2d at 1254. For these reasons, Rolfe's motion to amend his complaint is granted.

## CONCLUSION

For the foregoing reasons, it is my Decision and Order that plaintiff's motion for leave to file an amended complaint **(Docket # 18)** is **GRANTED**. The Clerk of Court is hereby directed to file plaintiff's Proposed Amended Complaint (Docket # 18) as an "Amended Complaint." The Clerk is further ordered to mail of a copy of the Amended Complaint to defendants' attorney of record.

**IT IS SO ORDERED.**

                                              *s/Marian W. Payson*
                                              MARIAN W. PAYSON
                                          United States Magistrate Judge

Dated: Rochester, New York
       April  28 , 2006.